**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tucson Herpetological Society, et al., ) | No. CV-04-0075 PHX-NVW |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Dirk Kempthorne, in his official capacity ) as Secretary of the Interior; and H. Dale ) Hall, in his official capacity as Director of ) the United States Fish and Wildlife ) Service, ) | |
| Defendants. ) | |

Pending before the court are Plaintiffs' Motion to Vacate Portions of the August 30, 2005 Order, Doc. # 84; Plaintiffs' Motion for Entry of Final Judgment, Doc. # 85; Defendants' Response, Doc. # 87; and Plaintiffs' Replies, Doc. # 88 and # 89.

The court will deny both motions and allow Plaintiffs to file a supplemental pleading under Federal Rule of Civil Procedure 15(d) in which they may raise any and all challenges to the administrative action at issue in this case that were not previously rejected by the court. In the alternative, Plaintiffs may decide not to challenge Defendants' most recent listing decision. In that case, the court will enter a final judgment fully disposing of all claims and parties from which an appeal will lie.

## I.     Background

This dispute centers upon the continued viability of the flat-tailed horned lizard ("FTHL"), a small, cryptically colored lizard that is well suited to the harsh conditions of the western Sonoran desert but has struggled to adapt to environmental degradation in the areas of southern California, southwestern Arizona and northwestern Mexico that make up its historic range. *Defenders of Wildlife v. Gale Norton*, 258 F.3d 1136, 1137 (9th Cir. 2001). Among the most threatening of the changes in the lizard's habitat, are the filling of the Salton Sea, the conversion of arid desert into productive agricultural land and the growth of urban areas around Yuma, Arizona, and El Centro, California. *Id*. The Fish and Wildlife Service ("FWS" or "Service") published a proposed rule in November, 1993, to list the FTHL as a "threatened species" pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq*., a designation that would require the Service to take action to prevent the extinction of the FTHL and provide for the lizard's recovery if made final.[1] Proposed Rule to List the [FTHL] as Threatened, 58 Fed. Reg. 62624.

However, in July, 1997, the FWS withdrew its proposal to list the FTHL as threatened, citing a lack of data conclusively establishing a significant decline in the lizard's population, the mitigation of some of the threats to the lizard's habitat since the issuance of the proposed rule, and the existence of a FTHL conservation agreement ("Conservation Agreement") developed by representatives from federal, state and local agencies in support of its decision. Withdrawal of the Proposed Rule to List the [FTHL] as Threatened, 62 Fed. Reg. 37852. The Service's final de-listing decision was then challenged by Plaintiffs and ultimately vacated by the Court of Appeals for the Ninth Circuit for failure to properly delineate the lizard's historic range and assess the impact of the Conservation Agreement upon that range. *Defenders of Wildlife*, 258 F.3d 1136.

---

[1] For a discussion of the statutory and regulatory background of this case, see Order, Doc. # 59, 1-6.

In purported compliance with the Ninth Circuit's mandate on remand, the Service again withdrew the proposed listing of the FTHL as a threatened species under the ESA in January of 2003 ("2003 Finding"). Withdrawal of the Proposed Rule to List the [FTHL] as Threatened, 68 Fed. Reg. 331. Plaintiffs then mounted a second challenge to the FWS's decision in October, 2003, arguing in a motion for summary judgment before this court that the Service's final determination violated the Ninth Circuit's holding in *Defenders of Wildlife*, as well as the general provisions of the ESA. (Doc. # 59, 7.)

In its August, 2005 order, this court ruled that the FWS's withdrawal of the proposed rule violated the ESA as well as the Ninth Circuit's remand order by "failing to evaluate the lizard's lost habitat and whether that habitat was a significant portion of the range." (Doc. # 59, 15.) The court then vacated the January, 2003 withdrawal of the proposed listing of the FTHL, reinstated the 1993 proposed listing, and remanded to the agency for a new final listing decision. (Doc. # 68, 2.) Significantly, the court limited the scope of its remand order to the "the matters on which the court's August 30, 2005 Order found the January 3, 2003 Withdrawal unlawful." (*Id.*) The court unequivocally rejected all of Plaintiffs' other attacks upon the legal sufficiency of the FWS's January, 2003 action, specifically upholding as within its authority the Service's analysis of individual geographic areas, reliance on future and voluntary conservation efforts, consideration of the Conservation Agreement, use of population data, and decision not to credit data suggesting a link between off-highway vehicle use and the decline in FTHL population.

The Service responded to the court's 2005 Order by publishing a new withdrawal of the proposed listing of the FTHL in June of 2006 ("2006 Finding"). Withdrawal of the Proposed Rule to List the [FTHL] as Threatened, 71 Fed. Reg. 36745. The "sole purpose" of the latest FWS decision was to address the lost historical habitat and significant portion of the FTHL range issues that were the subject of this court's August, 2005 Order. 71 Fed. Reg at 36749. The Service explicitly incorporated the balance of the analyses and conclusions contained in its previous 2003 withdrawal by reference. *Id.* After review of the best scientific and commercial data available, and upon selection of the "available recorded

1 historical information" as a temporal baseline, the FWS concluded that the lost habitat is not
2 a significant portion of the FTHL's range, and does not render the species likely to become
3 endangered within the foreseeable future throughout all or a significant portion of its range.
4 *Id* at 36749, 36751.

**II.     No Final Judgment**

While the court desired to make the November, 2005 Judgment memorializing the August, 2005 Order final, Plaintiffs have correctly pointed out that the court's adjudication of Plaintiffs' and Defendants' cross-motions for summary judgment was not in fact a final judgment.  (*See* Doc. # 85, Pls.' Mot. for Entry of Final J.)  The court focused its attention upon the precise language of the Judgment, rather than upon the Order, in accordance with Federal Rule of Civil Procedure 58(a)(1), which states that a legally operative final judgment must be entered on a "separate document." *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 922 (9th Cir. 2001) ("Our case law requires a mechanical application of Rule 58 so as to avoid the inequity of a party being denied the opportunity to appeal because of a failure to realize which of several documents or docket entries constituted 'entry' of judgment."); *cf. Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004) (separate judgment rule may be waived when used by one party as a sword to reopen a case believed by the other party to be finally adjudicated).

**A.     Remand Order Not Final**

The court's Judgment did not finally dispose of all of Plaintiffs' claims; rather, it granted Plaintiffs relief on one ground and remanded with vacatur to the Service with instructions to reassess its 2003 Finding in accordance with the court's holding.  (Doc. # 68.) Although the court instructed the clerk to "terminate this action" at the end of its Judgment, this ministerial injunction does not rise to the level of a complete disposition of the case as is required for a final judgment.  (Doc. # 68, 2); *Dannenberg v. Software Toolworks*, 16 F.3d 1073, 1074 (9th Cir. 1994) (a final judgment is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotations omitted); *Eluska v. Andrus*, 587 F.2d 996, 999 (9th Cir. 1978).

- 4 -

It is well-settled that "in general, remand orders are not considered final." *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990). A remand order to an administrative agency may be considered final, however, where (1) the district court conclusively resolves a separate legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable. *Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1884 (9th Cir. 2004) (noting that non-agency litigants are almost never permitted to invoke the exception to the general rule that remand orders are not final judgments). While the court's Judgment did conclusively resolve a separate legal issue, *i.e.*, that portions of the Service's 2003 Finding violated the ESA and the holding of *Defenders of Wildlife*, the other prerequisites of the exception are not met as the FWS has not contested the validity of the court's decision nor is appeal upon the conclusion of the litigation foreclosed.

**B.  No Rule 54(b) Certification**

An appeal will not lie from the court's November, 2005 Judgment because 28 U.S.C. § 1291 grants the courts of appeals jurisdiction to consider only a "final decision of the district courts." However, Federal Rule of Civil Procedure 54(b) allows this court to certify an interlocutory order disposing of one or more claims as a final, appealable judgment, despite the fact that all the claims or rights of all the parties have yet to be finally adjudicated. *See*, *e.g.*, *Dickinson v. Petroleum Conversion Corp*. 338 U.S. 507, 511 (1950) (certification appropriate to address the danger of hardship and denial of justice through delay if each distinctly separate claim must await the determination of all issues as to all parties before a final judgment can be had). The court must enter such a Rule 54(b) certification in a "definite, unmistakable manner," because "in the absence of such determination and direction, any order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action." *David v. District of Columbia*, 187 F.2d 204, 206 (D.C. Cir. 1950); Fed. R. Civ. P. 54(b). The court did not certify its November, 2005 Judgment under Rule 54(b) as a final judgment, nor have

Plaintiffs identified any reasons such as a multiplicity of claims or parties or the pendency of an appeal that would convince it to do so.

**III.    Plaintiffs' Motion to Vacate Portions of the August, 2005 Order Pursuant to Rule 60(b)**

Plaintiffs move to vacate the "non-essential aspects" of the court's August, 2005 Order as "dicta" pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6), thereby clearing the way for Plaintiffs to challenge the Service's 2006 Finding free from the preclusive effect of the "ancillary findings" contained in the court's prior ruling. (Doc. # 84, 1, 5.) Absent such relief from the 2005 Order, Plaintiffs believe that they will be forced to proceed on "dual tracts" by appealing this court's Order "so as not to risk its preclusive effect in subsequent litigation," while simultaneously challenging the FWS's 2006 Finding, as well as those aspects of the 2003 Finding incorporated therein, in another forum. (*Id.* at 4, 5.) This argument is without merit. Rule 60(b) states that "on motion and upon such terms as are just, the court may relieve a party . . . from a *final* judgment, order, or proceeding." (emphasis added). Plaintiffs may not move to vacate portions of the court's August, 2005 Order under Federal Rule of Civil Procedure 60(b) because, as Plaintiffs themselves now argue, the November, 2005 Judgment memorializing that Order was not a "final judgment" from which Rule 60(b) can provide relief.

**A.    The Judgment was not Satisfied under Rule 60(b)(5)**

Even if this court's Judgment were deemed to be "final" for the limited purpose of considering Plaintiffs' Rule 60(b) Motion to Vacate, Plaintiffs nevertheless fail to demonstrate that they are entitled to relief from such Judgment under either Rule 60(b)(5) or 60(b)(6). Rule 60(b)(5) provides relief from a final judgment when the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Plaintiffs specifically argue that the court's Judgment has been "satisfied" under Rule 60(b)(5) by virtue of the fact that Defendants' 2006 Finding complied with the court's Order. Plaintiffs misconstrue the purpose of the Rule.

- 6 -

1  Rule 60(b)(5) is designed to afford relief from a final judgment in the rare case where
2  a "significant change in facts or law warrants revision of the decree." *Bellevue Manor Assocs.*
3  *v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999) (quoting *Rufo v. Inmates of Suffolk*
4  *County Jail*, 502 U.S. 367 (1992)) (internal quotations omitted).  In other words, Rule
5  60(b)(5) allows a party to obtain relief from a final judgment only when "it is no longer
6  equitable that the judgment should have prospective application, not when it is no longer
7  convenient to live with [its] terms." *Rufo*, 502 U.S. at 383.  To invoke Rule 60(b)(5) on the
8  grounds that the court's 2005 Judgment has been "satisfied," Plaintiffs must show unjust
9  enrichment or other inequitable results that rise to the level of, for example, *Snowden v. D.C.*
10 *Transit Sys.*, 454 F.2d 1047 (D.C. Cir. 1971).  In that case, prospective operation of the court's
11 adjudication of tort liability was held to violate a "cardinal principle of law" by forcing the
12 defendant to provide double recovery to a plaintiff whose judgment had already been satisfied
13 by a settlement. *Id.* at 1048.  Absent such facts, Rule (60)(b)(5) is plainly not, as Plaintiffs
14 urge, a substitute for an appeal. *See Agostini v. Felton*, 521 U.S. 203, 257 (1997)  (Ginsburg,
15 J., dissenting) ("[R]elitigation of the legal or factual claims underlying the original judgment
16 is not permitted in a Rule 60(b) motion or an appeal therefrom.").  Mere compliance with this
17 court's November, 2005 Judgment is not the type of "satisfaction" that warrants this court to
18 revisit its prior ruling under  Rule 60(b)(5) even assuming, *arguendo*, that such judgment was
19 indeed final.

20  **B.     No Relief Available under Rule 60(b)(6)**

21  In the alternative, Plaintiffs argue that this court should vacate portions of its August
22 2005 Order pursuant to Rule 60(b)(6), which allows a court to modify a final judgment for
23 "any other reason justifying relief from the operation of the judgment."  Rule 60(b)(6) applies
24 in extraordinary circumstances not otherwise addressed by Rule 60(b)(1)-(5) in order to "vest
25 power in courts adequate to enable them to vacate judgment whenever such action is
26 appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)
27 (reconsidering a denaturalization ruling entered on default against an unrepresented petitioner
28 who had been in jail on other charges at the time of his default and had also been either

incarcerated, indigent, or ill for most of the time since the judgment was entered against him). The Court of Appeals for the Ninth Circuit has applied this "extraordinary circumstances" standard of relief under Rule 60(b)(6) not to reward litigants who "seek[] a second bite at the apple" or who ask for reconsideration while "ignor[ing] normal legal recourses" such as an appeal, but rather to avoid inequitable results and accomplish justice, as was the case in *In re Pac. Far E. Lines*, *Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (ordering the refund of part of a $776,000 payment paid by the trustee of the debtor corporation in bankruptcy in light of a subsequent change in the law). Plaintiffs' assertion that relief under Rule 60(b)(6) is appropriate because the court's August, 2005 Order contained "unnecessary findings" and "dicta" that "will preclude [Plaintiffs] from raising similar arguments due to res judicata or collateral estoppel principles or may otherwise be prejudiced . . . by a lengthy delay" misses the mark. (Doc. # 89, 2-3.) Whatever hardship the Order may cause must be redressed on an appeal from the court's final judgment.

### C.     The August, 2005 Order Is Not *Dicta*

Finally, Plaintiffs argue that the last five pages of the court's August, 2005 Order should be vacated, as they are replete with "unnecessary findings on Plaintiffs' alternative arguments [constituting] dicta." (Doc. # 89, 2.) Plaintiffs appear to have confused the legal term "*dictum*" with the reality of defeat. This court ruled for Plaintiffs when it struck down the Service's 2003 Finding as arbitrary capricious on the narrow ground that the FWS failed to "evaluate the lizard's lost habitat and whether that habitat was a significant portion of the range." (Doc. # 59, 15.) However, Plaintiffs failed in their contentions that the Service acted unlawfully in its analysis of individual geographic areas, reliance on future and voluntary conservation efforts, consideration of the Conservation Agreement, use of population data, and decision not to credit data suggesting a link between off-highway vehicle use and the decline in FTHL population.  In fact, the court specifically cabined the scope of its remand order to reflect its decision to uphold these aspects of the 2003 Finding. Plaintiffs  point to no focused authority in support of their argument that the court's unfavorable adjudication of the balance of Plaintiffs' arguments constitutes "*dicta*."

- 8 -

In *The Cetacean Community v. George W. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004), the court pronounced that "a statement is *dictum* when it is made during the course of delivering a judicial opinion, but is unnecessary to the decision in the case and is therefore not precedential." (internal quotations omitted).  However, the court recognized that the line between a "necessary" and an "unnecessary" statement is "not always easy to draw" in practice.  *Id*.  *See United States v. Perlaza*, 439 F.3d 1149, 1159 n. 12 ("What is *dicta* has been the subject of frequent discussion by *en banc* panels of the [the Ninth Circuit].") (citing cases).  To operationalize this distinction, the *Cetacean Community* court referred to prior case law for the proposition that "where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of circuit, regardless of whether doing so is necessary in some strict logical sense." *Id*. (internal quotations omitted).  This standard is readily applicable to this case.

This court's adjudication of Plaintiffs' losing arguments in its August, 2005 Order was not *dicta* under any conceivable interpretation of the *Cetacean Community* standard.  These claims formed an integral part of Plaintiffs' attack upon the legal sufficiency of the Service's 2003 Finding, and the court dismissed them after due consideration, as evidenced by the last five pages of the court's written Order.  Indeed, the dismissal of the Plaintiffs' remaining claims was essential to the court's determination of the scope of the remand to the FWS.  Plaintiffs ask the court to vacate its *orbiter dicta* so as to "eliminate any ambiguity in the legal effect of the unnecessary portions of the Order."  (Doc. # 84, 5.)  As Defendants correctly point out, there is no "ambiguity" lurking in the court's Order.  Since, as Plaintiffs themselves argue, no partial or entire final judgment has yet been entered in this case, this court retains authority to reconsider its prior interlocutory rulings.  The court sees no reason to do so.

**IV.     Plaintiffs' Motion for Entry of Final Judgment under Rule 58(d)**

Federal Rule of Civil Procedure 58(d) allows "a party [to] request that judgment be set forth on a separate document as required by Rule 58(a)(1)."  As discussed above, however,

the court declines to certify its interlocutory Judgment as final pursuant to Federal Rule of Civil Procedure 54(b). The court therefore retains jurisdiction over the case.

**V.     New Challenges to the 2006 Finding Must be Raised in this Court under Rule 15(d)**

Consistent with the policy of judicial economy animating this decision to deny Plaintiffs' motion to vacate portions of the 2005 Order and not to certify the November, 2005 Judgment as final under Rule 54(b), Plaintiffs must continue their litigation on behalf of the FTHL, if they wish to do so, in this court rather than by piecemeal disposition in a federal trial court and in the Court of Appeals. Federal Rule of Civil Procedure 15(d) grants the court broad discretion to allow supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." As the Ninth Circuit explained in *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), "the rule is a tool of judicial economy and convenience. Its use is therefore favored [because it] . . . enable[s] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions . . . ." (internal quotations omitted) (citing *New Amsterdam Casualty Co. v. Walker*, 323 F.2d 20, 28-29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964)).

In *Keith*, the court allowed one plaintiff to sue a co-plaintiff by means of a supplemental complaint in a dispute related to long-running litigation between plaintiffs and various state and federal agency defendants in connection with the construction of a Los Angeles freeway. The co-plaintiff, now a defendant, opposed the use of the supplemental complaint, effectively urging the plaintiff to prosecute the action as a new lawsuit before a different judge with no prior involvement in the previous thirteen years of litigation between the parties. The Ninth Circuit affirmed the district court's decision to allow the supplemental complaint in extremely broad terms, stating that the supplemental pleading may contain new claims and new parties and may address events occurring after the original action was filed, provided that there is some relation between the original pleading and the new one and that the interests of judicial economy are served by the supplementation. *Keith*, 858 F.2d. at 473-

76. As distilled by subsequent case law, *Keith* stands for the proposition that a district court with jurisdiction over a case in which a final judgment has not been rendered should allow supplementation when it determines that the proposed pleading is a discrete and logical extension of the original claims in the case and there is no bad faith on the part of the movant or undue prejudice to the opposing party. *San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491 (E.D. Cal. 2006).; *cf. Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402-03 (9th Cir. 1997) (supplementation inappropriate when used to resume a statutory challenge on new grounds four years after final judgment was issued in the underlying case).

In light of the court's experience with this case, and in recognition of the fact that the issues decided in earlier stages of the litigation will necessarily be implicated in any subsequent challenge to the FWS's 2006 Finding, the court will allow Plaintiffs to file supplemental pleadings under Rule 15(d). In these pleadings, Plaintiffs may raise any challenges to the Service's 2006 Finding that were not already decided by the court's previous rulings. Plaintiffs must file their supplemental pleadings by October 26, 2006, and Defendants shall plead in response within the time provided by Federal Rule of Civil Procedure 12(a)(1). The court will not consider any renewal of challenges that the court previously rejected. After obtaining a final judgment from this court at the conclusion of this litigation, Plaintiffs may challenge the 2006 Finding, together with all prior rulings of this court, in a single appeal.

Alternatively, Plaintiffs may decide not to challenge the Service's 2006 Finding, in which case the court will enter a final judgment disposing of all claims and parties and from which an appeal will lie pursuant to 28 U.S.C. § 1291.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Vacate Portions of the August 30, 2005 Order, Doc. # 84, and Plaintiffs' Motion for Entry of Final Judgment, Doc. # 85, are denied.

IT IS FURTHER ORDERED that the provision of the court's previous order, Doc. # 68, that directs the clerk to terminate the action is vacated and this case is re-opened.

1   IT IS FURTHER ORDERED that Plaintiff may file a supplemental complaint by
2   October 26, 2006, pursuant to Federal Rule of Civil Procedure 15(d) challenging the 2006
3   Finding on grounds not rejected in the court's previous orders.  Defendants shall file a
4   responsive pleading within the time provided by Federal Rule of Civil Procedure 12(a)(1).

5   IT IS FURTHER ORDERED that if Plaintiffs fail to file a supplemental complaint
6   within the time permitted by this Order, any challenges to the 2006 Finding shall be deemed
7   abandoned and a final judgment will be entered thereafter.

8   IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure
9   25(d)(1), Defendant Dick Kempthorne is substituted for Gale Norton as Secretary of the
10  Interior, and Defendant H. Dale Hall is substituted for Matthew Hogan as Director of the U.S.
11  Fish and Wildlife Service.

12  DATED this 27th day of September 2006.

_____
Neil V. Wake
United States District Judge